IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN SHELDON,

    Plaintiff,

v.                            Civil Action No. 3:18CV550

T. ROWE PRICE,

    Defendant.

**MEMORANDUM OPINION**

Kevin Sheldon, a federal inmate proceeding pro se and in forma pauperis, filed this civil action. The action proceeds on the FIRST AMENDED COMPLAINT ("Particularized Complaint," ECF No. 22) that was filed in response to the Court's directive to file a particularized complaint. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490

U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints

2

containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

## II. PROCEDURAL HISTORY

By Memorandum Order entered on March 4, 2019, the Court directed Sheldon to file a particularized complaint. The Court noted that:

> Courts must liberally construe pro se civil rights complaints in order to address constitutional deprivations. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." Barron v. Katz, No. 6:17-CV-195-KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Plaintiff as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Thus, Plaintiff's current allegations fails to provide the defendant with fair notice of the facts and legal basis upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff provides no federal or constitutional law that authorizes the action he seeks.

(ECF No. 16, at 1-2.) Accordingly, the Court directed to Sheldon to follow a particularized complaint that complied with the following directives:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:18CV550."

> b. The first paragraph of the particularized pleading must identify the statute, rule or case that authorizes this action. The second paragraph must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** <u>See</u> Fed. R. Civ. P. 41(b).

<u>Id.</u> at 2. After receiving an extension of time, Sheldon filed a Particularized Complaint. However, Sheldon failed to comply with the directives of the Court. For example, Sheldon failed to name his filing "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:18CV550" or follow the formatting the Court required. More importantly, as discussed below, Sheldon's Particularized Complaint fails to identify a viable claim for relief.

5

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Sheldon's frivolous theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Sheldon's allegations will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

In his Particularized Complaint, Sheldon first indicates that his action is brought under diversity jurisdiction. Sheldon also contends that his action is brought pursuant to several criminal statutes, 18 U.S.C. § 911,[1] 15 U.S.C. § 77q(a)(3),[2] and 18 U.S.C.

---

[1] This statute provides: "Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. § 911.

[2] This statute provides in relevant part:

> It shall be unlawful for any person in the offer or sale of any security . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
>  . . .
> > (3) to engage in any transaction, practice, or course of business which operates or would operate as fraud upon the purchaser.

15 U.S.C. § 77q(a)(3).

§ 1581,³ and the Thirteenth Amendment. (Part Compl. 2.) The sum of Sheldon's complaint is that he believes that Defendant T. Rowe Price has used his identity without his permission and issued, obtained, and invested in bonds in Sheldon's name which "furthered the crime of Identify Theft" and "engaged in Securities Fraud, Peonage and Involuntary Servitude." (Id.) Sheldon's allegations are entirely frivolous.

Contrary to Sheldon's suggestion, and as already explained to Sheldon by the Magistrate Judge, only prosecutors, neither the Court nor Sheldon himself can initiate criminal or regulatory investigations of a defendant. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Barron v. Katz, No. 6:17-CV-195-KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Moreover, the Court fails to

---

³ This statute provides in relevant part:

(a) Whoever holds or returns any person to the condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an intent to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

18 U.S.C. § 1581.

discern how any of the above-listed criminal statutes would have any bearing on the alleged conduct in the Particularized Complaint. Accordingly, any claim alleging criminal activity will be dismissed for failure to state a claim and as frivolous.

Sheldon also contends that Defendant T. Rowe Price has violated the Thirteenth Amendment by subjecting him to involuntary servitude because T. Rowe Price has issued bonds "which lists Plaintiff as surety." (Part Compl. 2.) Sheldon identifies these purported "bonds" in his "Definitions" section, and it appears that the alleged identifying numbers for these bonds are mostly civil and federal case docket numbers. (Id. at 3.)

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. Sheldon fails to explain, and the Court fails to discern, any violation of the Thirteenth Amendment. Rather, this claim appears to be based on some form of "sovereign citizen" theory and is entirely frivolous. Cf. Gravatt v. United States, 100 Fed. Ct. 279, 282-84 (Fed. Cl. 2011) (providing lengthy discussion of the origins of sovereign citizen and redemptionist theory including attempts to obtain money through nonexistent bonds); Williams v. Skelly, No. 1:17CV-204-GNS, 2018 WL 2337310, at *3 (W.D. Ky May 23, 2018) (discussing cases that uniformly

reject these arguments due to utter lack of merit). Sheldon's Thirteenth Amendment claim lacks any basis in either law or in fact and will be dismissed as frivolous and for failure to state a claim. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

## IV. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous and delusional under 28 U.S.C. § 1915(e)(2), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Sheldon.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 13, 2019